IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WALKER,  :  <br>    Plaintiff,  : <br> : <br> v.  : <br> : <br>CITY OF PHILADELPHIA, *et al.*,  : <br>    Defendants.  : | CIVIL ACTION NO. 20-CV-0315 |

## MEMORANDUM

**KENNEY, J.**                                                                                    **AUGUST 14, 2020**

This matter comes before the Court by way of an Amended Complaint (ECF No. 7),[1] brought by Plaintiff Ronald Walker, proceeding *pro se*. Also before the Court is Walker's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8) and his Prisoner Trust Fund Account Statement (ECF No. 9).[2] Because it appears that Walker is unable to afford to pay the

---

[1] Walker initiated this action by way of a Complaint (ECF No. 2) submitted to the Court on January 16, 2020. However, on May 26, 2020, Walker submitted an Amended Complaint (ECF No. 7) in this matter. It is well recognized that an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint.") (*citing W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). Accordingly, the Amended Complaint Walker submitted to the Court after his initial Complaint supersedes the original, and the Court will proceed to screen the Amended Complaint.

[2] At the time Walker initiated this matter on January 16, 2020, he failed to file a copy of his prisoner account statement for the six-month period prior to filing this action. By Order entered January 27, 2020, the Court denied Walker's original request to proceed *in forma pauperis* and directed Walker to either pay $400 to the Clerk of Court or file a new motion to proceed *in forma pauperis* along with a certified copy of his prisoner account statement within thirty days. (ECF No. 4 at 1.) Walker subsequently filed the pending Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8) along with his Prisoner Trust Fund Account Statement (ECF No. 9) which are now properly before the Court for review.

filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      **FACTUAL ALLEGATIONS**[3]

Walker, a prisoner currently incarcerated at State Correctional Institution – Phoenix ("SCI Phoenix"), brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by the following Defendants: (1) the City of Philadelphia; (2) the Office of the District Attorney; (3) Assistant District Attorney Erin O'Brien ("ADA O'Brien"); and (4) Michael McDermott, Esq., counsel for Walker at his criminal trial. (Am. Compl. ECF No. 7 at 1-2.)

Walker alleges that on or about October 28, 2014, he was "arrested . . . and charged with several offenses" including, but not limited to arson, causing a catastrophe, burglary, criminal trespass, theft by unlawful taking, receiving stolen property, retaliation against a witness or victim, intimidation of a witness or victim, criminal solicitation, discharge of a firearm into an occupied structure, simple assault, recklessly endangering another person, criminal mischief, and conspiracy. (ECF No. 7 at 2); *see also Commonwealth v. Walker*, CP-51-CR-0013498-2014, (C.P. Phila.); *Commonwealth v. Walker*, CP-51-CR-0013501-2014 (C.P. Phila.); *Commonwealth v. Walker*, CP-51-CR-0013502-2014 (C.P. Phila.). At the time of his arrest for these charges, Walker contends that he was "being held on a previous case at [Curran-Fromhold Correctional Facility]" and was "brought down [to the 25th District] and . . . charged with [these] 3 additional dockets[.]" (ECF No. 7 at 2, n. 1.) Walker alleges that he was indicted on docket CP-51-CR-0013501-2014 on November 20, 2014 and was convicted by a jury of these offenses on or about

---

[3] The facts set forth in this Memorandum are taken from Walker's Amended Complaint and the documents and exhibits attached thereto.

April 15, 2015.  (*Id.* at 3.)  Walker was sentenced on or about September 15, 2016, and the Superior Court affirmed the judgment of sentence on or about August 23, 2018.  (*Id.* at 4.)  In September of 2019, Walker filed several motions before the trial court in the Philadelphia County Court of Common Pleas "arguing the illegality of his prosecution for this docket, [and] the lack of jurisdiction to proceed to trial and asked for bail."  (*Id.* at 5.)

In this action, Walker's primary allegation is that ADA O'Brien prosecuted him on what he believes to be an "illegal docket."  Specifically, Walker contends that ADA O'Brien "violated his Constitutional Rights by proceeding to arrest [him], charge [him], [securing] an excessive bail of 2 million dollars, present[ing] this illegal docket to the Indicting Grand Jury, . . . [securing] an indictment, present[ing] this illegal docket at trial, [securing] a conviction on this illegal docket, and argu[ing] for [him] to pay restitution on this illegal docket."  (*Id.*) (footnotes omitted).  Walker alleges that ADA O'Brien knew that "she had no probable cause affidavit nor arrest warrant for this illegal docket.  (*Id.*)  Walker further contends that the "indictments and trial proceedings are a nullity" because ADA O'Brien "never petitioned the Pa. Supreme Court to commence with an Indicting Grand Jury, pursuant to . . . Pa. Rules of Criminal Procedure 556(B)."  (*Id.*) (footnote omitted).

As a result, Walker alleges that he is "still incarcerated" and "paying restitution on this illegal docket" because "no one wants to be held accountable nor address these infringements."  (*Id.* at 6.)  Walker seeks five million dollars in compensatory damages from the City of Philadelphia and the District Attorney's Office, as well as another five million dollars in punitive damages.  (*Id.* at 7.)  Similarly, he seeks $50,000 in compensatory damages each from both ADA O'Brien and Defendant McDermott, in addition to $50,000 in punitive damages from each.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Walker leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it is frivolous or fails to state a claim.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*  As Walker is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  However, in screening the Amended Complaint, which supersedes the original, the Court is limited to the allegations in the Amended Complaint in determining whether Walker has stated a claim for relief.  *See Argentina v. Gillette*, 778 F. App'x. 173, 175 n.3 (3d Cir. 2019) (recognizing that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings.").

## III.    DISCUSSION

Walker's Amended Complaint alleges claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal

---

[4]  However, because Walker is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against the City of Philadelphia

Walker's names the City of Philadelphia as a Defendant on the ground that the "City of Philadelphia, is the employer of the District Attorney's Office" and it is the City's "responsibility to ensure that their employees adhere to the 'Laws of the Land.'"  (ECF No. 7 at 1.)  Construing his Complaint liberally, it appears that Walker intends to hold the City of Philadelphia liable based on *respondeat superior* theory for the actions of the District Attorney's Office and, presumably, ADA O'Brien.  This claim is not plausible.

Local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978).  This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions."  *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). under *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978).  Because there is no *respondeat superior* for municipal liability under § 1983, the claim against the City of Philadelphia is dismissed.[5]

---

[5] The Court notes that any claim against the City of Philadelphia based on *Monell* liability is also not plausible.  To state a plausible claim, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or

### B. Claims Against the District Attorney's Office

Walker alleges that the "office of the District Attorney, is responsible for the training of prosecutor's [sic] and to oversee the initiation of criminal prosecution according to what the 'LAW' allows." (ECF No. 7 at 2.) Walker's § 1983 claim against the Philadelphia District Attorney's Office will be dismissed with prejudice because district attorney's offices in Pennsylvania are not entities subject to suit under § 1983. *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability").

### C. Claims Against ADA O'Brien

Walker seeks to bring § 1983 claims against Defendant ADA O'Brien who was the prosecutor responsible for prosecuting the criminal charges against Walker. Walker challenges ADA O'Brien's conduct in filing a sealed motion to preclude a preliminary hearing and for opting to commence an Indicting Grand Jury. (ECF No. 7 at 3.) He alleges that ADA O'Brien did not have a probable cause affidavit or an arrest warrant and that she therefore used an "illegal docket" to arrest him, charge him, secure an excessive bail, obtain an indictment from the grand jury, take him to trial, and secure a conviction and sentence against him. (*Id.* at 5.) Prosecutors

---

policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff demonstrates that a custom was the proximate cause of his injuries by establishing that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). As Walker makes no allegation that a specific custom or policy caused the alleged violation of his constitutional rights, any *Monell* claim against the City of Philadelphia is also not plausible.

are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Accordingly, the allegations that ADA O'Brien acted on an "illegal docket", even if true, challenge actions that were clearly taken in her prosecutorial capacity in presenting the Commonwealth's case against Walker and she is absolutely immune. Since Walker's claim against ADA O'Brien is legally implausible, it will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Claims Against Defendant McDermott

The claims against Defendant McDermott are based upon his role as the criminal defense attorney representing Walker in his state criminal proceedings. Walker alleges that despite being "paid to advocate" for him, McDermott exhibited a "lack of preparation" at Walker's trial and "overlooked pertinent documents" that would have been obvious to an attorney who properly prepared for trial. (ECF No. 7 at 2.) Walker asserts that McDermott failed to argue that the "trial court had no jurisdiction to proceed to trial" and that McDermott did not communicate with Walker and his family with regard to a delay in his sentencing. (*Id.* at 2-3.) Walker asserts that McDermott, among others, "should have noticed these infringements" with respect to the violations of his constitutional rights from the prosecution on this "illegal docket[.]" (*Id.* at 6.) Because criminal defense attorneys are not "state actors" under § 1983, the constitutional claims against McDermott must be dismissed with prejudice. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Walker leave to proceed *in forma pauperis* and dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim against the City of Philadelphia, the Office of the District Attorney, Assistant District Attorney Erin O'Brien, and Michael McDermott, Esquire. Because any attempt at amendment would be futile, the dismissal against these Defendants will be with prejudice and no leave to amend will be granted. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). An appropriate Order follows.[6]

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**

---

[6] To the extent Walker could name a proper Defendant, any claim based on the allegations in the Amended Complaint could not proceed at this time for an additional reason. Although Walker does not explicitly state the nature of his § 1983 claims, granting a liberal construction to the Amended Complaint it appears that all of his claims are based on false imprisonment and malicious prosecution.

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Walker appears to seek damages for imprisonment and for alleged constitutional violations that occurred in the course of a criminal prosecution that did not terminate in his favor. As Walker's underlying conviction and imprisonment have not been reversed or otherwise invalidated, any constitutional claims related to his prosecution and imprisonment are not cognizable at this time.